STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

10-315


AGILUS HEALTH (JAMES WILBANKS)

VERSUS

DRESSER, INC., ET AL.


\*\*\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION, DISTRICT 02
PARISH OF RAPIDES, NO. 08-05823
JAMES L. BRADDOCK, WORKERS' COMPENSATION JUDGE

\*\*\*\*\*\*\*\*\*\*\*\*

DAVID E. CHATELAIN[*]
JUDGE

\*\*\*\*\*\*\*\*\*\*\*\*

Court composed of Oswald A. Decuir, J. David Painter, and David E. Chatelain, Judges.


**MOTION TO DISMISS SUSPENSIVE APPEAL AND
CONVERT TO DEVOLUTIVE APPEAL DENIED.**


**Patrick A. Johnson
D. Paul Gardner, Jr.
Allen & Gooch
Post Office Box 81129
Lafayette, Louisiana 70598-1129
(337) 291-1430
Counsel for Defendants/Appellants:
 Liberty Mutual Insurance Company
 Dresser, Inc.**

---

[*]Honorable David E. Chatelain participated in this decision by appointment of the Louisiana Supreme Court as Judge Pro Tempore.

**Edward R. Wicker, Jr.**
**Barrasso, Usdin, Kupperman, Freeman and Sarver**
**909 Poydras Street, Suite 1800**
**New Orleans, Louisiana  70112**
**(504) 589-9700**
**Counsel for Defendants/Appellants:**
 **Liberty Mutual Insurance Company**
 **Dresser, Inc.**

**Edward E. Roberts, III**
**Neblett, Beard & Arsenault**
**Post Office Box 1190**
**Alexandria, Louisiana  71309**
**(318) 487-9874**
**Counsel for Plaintiff/Appellee:**
 **Agilus Health**

**R. Bray Williams**
**Joseph Payne Williams, Sr.**
**Williams Family Law Firm, L.L.C.**
**Post Office Box 15**
**Natchitoches, Louisiana  71458-0015**
**(318) 352-6695**
**Counsel for Plaintiff/Appellee:**
 **Agilus Health**

**CHATELAIN, Judge**.

The appellee, Agilus Health, Inc., moves to dismiss the suspensive appeal of the appellants, Dresser, Inc. and Liberty Mutual Insurance Company, and to convert their appeal to a devolutive appeal. The appellee contends that the appellants posted their suspensive appeal bond untimely. Finding that the posting of the bond was timely in accordance with La.R.S. 23:1310.5, we deny the motion to dismiss.

Following trial of this matter, the workers' compensation judge (WCJ) rendered a money judgment against the appellants, finding that the appellee had been underpaid by the appellants in the sum of $23.40 for health care bills associated with a work-related injury to James Wilbanks. The WCJ also cast the appellants with a $2,000.00 statutory penalty and with $3,000.00 in attorney fees.

The WCJ signed the written judgment on January 14, 2010. On this date, the trial court mailed notice of this judgment to all counsel of record. No motion for new trial was filed. The appellants filed their motion and order for appeal on February 4, 2010, and the order was granted by the WCJ that same date. Appellants also filed on that date a Motion and Order to Set Bond for Suspensive Appeal, which order was signed by the WCJ setting a hearing for February 8, 2010.

The hearing on the bond amount was conducted on February 8, 2010, at which time the WCJ set the bond amount. On February 10, 2010, the WCJ signed an order setting the bond amount at $5,352.00. The appellants posted the suspensive appeal bond on March 2, 2010. The record was subsequently lodged in this court.

The appellee filed a motion to convert the appeal from suspensive to devolutive, arguing that the appellants failed to post their suspensive appeal bond within thirty days of notice of the final judgment, as provided in La.Code Civ.P.

1

2123. The appellants filed an opposition memorandum in this court, contending that the suspensive appeal bond was timely posted within thirty days of the notice of the setting of the bond's amount as provided in La.R.S. 23:1310.5(C).

In a case involving substantially similar facts, this court has issued an opinion on this date, finding that the posting of the suspensive appeal bond within thirty days of the notice of the setting of the bond amount was timely. *Agilus Health (Kenneth McKeithen) v. Dresser, Inc.,* 10-313 (La.App. 3 Cir. 4/14/10), ___ So.3d ___. For those same reasons, we hereby deny the motion to dismiss the appellants' suspensive appeal.

**MOTION TO DISMISS SUSPENSIVE APPEAL AND CONVERT TO DEVOLUTIVE APPEAL DENIED.**